JOHNSON TIRE CO. *v.* MADDUX, *et al.*

(*Knoxville*, September Term, 1948.)

(May Session, 1949.)

Opinion filed July 2, 1949.

Wм. Hughes, Chattanooga, for plaintiff in error.

H. Arnold Morgan, Chattanooga, and Clayton B. Hunter, Chattanooga, for defendants in error.

Mr. Justice Prewitt delivered the opinion of the Court. .

The plaintiff, Johnson Tire Company, appeals from a judgment of $271.38 rendered against it by the circuit court of Hamilton County, in favor of Roy Maddux, doing business as Blue Bird Cab Company. The case was tried on an agreed statement of facts, and the only question here,—is Maddux liable for the account in question?

It is admitted that Roy Maddux and R. F. Shipley were partners and doing business as Blue Bird Cab Company in Chattanooga. This partnership was formed in 1942, and purchases had been made during that period from the plaintiff. In March, 1947, the partnership was dissolved by Shipley selling his interest to Maddux. The plaintiff was given no notice of the dissolution of the partnership. The merchandise in question was sold to Blue Bird Cab Company between June 16, 1947, and the purchases signed for or authorized by Shipley. The merchandise purchased was placed on two taxicabs operating out of the place of business of the Blue Bird Cab Company. The plaintiff had no knowledge of the ownership of these cabs and no notice or knowledge of the dissolution of the partnership, unless such knowledge is to be imputed to it by the fact that the two cabs were

registered in the name of Shipley. There was no appeal by Shipley from the judgment rendered against him.

We are of opinion that the judgment of the circuit court is erroneous as to Maddux. He purchased the interest of Shipley in the Blue Bird Cab Company's business and did not undertake to give the plaintiff any notice of the dissolution.

"After dissolution a partner can bind the partnership . . . by any transaction which would bind the partnership if dissolution had not taken place provided the other party to the transaction had extended credit to the partnership prior to dissolution and had no knowledge or notice of the dissolution, . . ." Williams' Code, Section 7874.

Here it is admitted that a partnership existed, and it is not such a case as was *Badger* v. *Boyd*, 16 Tenn. App. 629, 65 S. W. (2d) 601, which dealt with the burden of proof of the existence of a partnership. In the present case the partnership is stipulated.

The burden of proving notice and knowledge is on the partner. 47 C.J., Section 819, p. 1145.

"It has been stated generally that, in order to bring home knowledge of the dissolution of the partnership to one who had been dealing with the members as partners, the evidence should be clear and satisfactory." 47 C. J., Section 821, p. 1146.

It is contended that the two cabs being registered in the name of Shipley, put the plaintiff on notice that there had been a dissolution of the partnership. We cannot agree to this contention under the agreed statement of facts. The question is, did the plaintiff rightfully charge the account to the Blue Bird Cab Company? The application of the merchandise is not the question before

this Court, and upon the agreed statement of facts, we hold that the plaintiff was justified in charging the account to the partnership.

The judgment of the lower court is reversed and the plaintiff allowed to recover the sum sued for in the amount of $271.38, and costs.

All concur.